UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD W. HURT, | No. 2:15-cv-0895 DAD P |
| Petitioner, | |
| v. | ORDER |
| ERIC ARNOLD, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires a habeas petition to specify all the grounds for relief available, to state the facts supporting each ground and to state the relief requested. The court must dismiss a petition that does not contain any of these elements or "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases. Moreover, the court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2).

1

1    Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).  See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

    In the section of his petition labeled "Grounds for Relief," the petitioner states only that "C.D.C.R. and B.P.H. failed to calculate my term according to the determinate sentencing law adopted in 1977."  (Petition (ECF No. 1) at 6.)  Petitioner does not say what the current, allegedly incorrect, calculation of his sentence is, nor does he clarify what the correct calculation of his sentence would be.  The petition before the court therefore does not contain a statement of facts detailed enough to inform the court or the potential respondent of the specific habeas relief that the petitioner seeks.  The undersigned will, however, grant petitioner leave to file an amended petition to cure these pleading deficiencies – that is, to file an amended petition that states the specific habeas relief that petitioner seeks and the specific legal and factual grounds that warrant that relief.

    If petitioner chooses to file an amended petition, the court will examine it according to the same pleading standards described above.  Petitioner is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended application for habeas relief complete.  Local

Rule 220 requires that an amended petition be complete in itself, without reference to any prior pleading. This is because, as a general rule, an amended petition supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once a party files an amended petition, the original petition no longer serves any function in the case. Therefore, in an amended petition, as in the original, each claim for habeas relief must be sufficiently alleged.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 10) is moot in light of petitioner's payment of the filing fee.

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: June 1, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
hurt0895.114

3