UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD W. HURT,<br><br>        Petitioner,<br><br>   v.<br><br>ERIC ARNOLD,<br><br>        Respondent. | No.  2:15-cv-0895 DAD P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254.  On June 1, 2015, the court entered a screening order pursuant to 28 U.S.C. § 1915A(a), in which it found the following:

> In the section of his petition labeled "Grounds for Relief," the petitioner states only that "the [California Department of Corrections and Rehabilitation (CDCR) and the Board of Parole Hearings (BPH)] failed to calculate my term according to the determinate sentencing law adopted in 1977." (Petition (ECF No. 1) at 6.)  Petitioner does not say what the current, allegedly incorrect calculation of his sentence is, nor does he clarify what the correct calculation of his sentence would be.  The petition before the court therefore does not contain a statement of facts detailed enough to inform the court or the potential respondent of the specific habeas relief that the petitioner seeks. The undersigned will, however, grant petitioner leave to file an amended petition to cure these pleading deficiencies – that is, to file an amended petition that states the specific habeas relief that petitioner seeks and the specific legal and factual grounds that warrant that relief.

/////

(Screening Order (ECF No. 11) at 2.)

Rather than file an amended petition as allowed in the screening order, petitioner has filed a statement of objections to the screening order. (See ECF No. 12.) While that statement reiterates petitioner's position that his sentence has not been properly calculated by the sentencing court, CDCR or BPH, it still "does not does not say what the current, allegedly incorrect calculation of his sentence is, nor does he clarify what the correct calculation of his sentence would be." It remains the case, therefore, that this court is without "a statement of facts detailed enough to inform the court or the potential respondent of the specific habeas relief that the petitioner seeks." (Screening Order at 2.)

Petitioner will be given a final chance to file an amended federal habeas petition to correct the noted deficiency. He must label it "First Amended Petition," and, to pass the screening standards already explained to petitioner in the court's previous order, it must state the specific habeas relief that petitioner seeks and the specific legal and factual grounds that warrant that relief. Petitioner is again admonished that the court cannot refer to a prior pleading in order to make plaintiff's amended application for habeas relief complete. Local Rule 220 requires that an amended petition be complete in itself, without reference to any prior pleading. This is because, as a general rule, an amended petition supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once a party files an amended petition, the original petition no longer serves any function in the case. Therefore, in an amended petition, as in the original, each claim for habeas relief must be sufficiently alleged.

Finally, petitioner is informed that failure to file an amended petition will result in an order that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner has thirty days from the date of this order in which to file an amended petition for writ of habeas corpus.

2. Any amended petition must bear the case number assigned to this action and the title "First Amended Petition."

////

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: August 17, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
hurt0895.order