UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD W. HURT,<br><br>           Petitioner,<br><br>      v.<br><br>ERIC ARNOLD,<br><br>           Respondent. | No.  2:15-cv-0895 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner claims the state has violated his rights under the Ex Post Facto Clause, and, it appears, under the Eighth Amendment by failing to calculate the term of his sentence.  Before the court are respondent's motion to dismiss the first amended petition and respondent's motion to strike petitioner's sur-reply.  For the reasons set out below, the undersigned grants respondent's motion to strike and recommends the motion to dismiss be granted.

**Background**

In 1990, petitioner was convicted of the crimes of first degree murder, with enhancements, and burglary that were committed in 1989.[1]  He was sentenced to an indeterminate sentence of

---

[1] Attached to respondent's motion are copies of the judgment from petitioner's case in the Los Angeles County Superior Court (ECF No. 23-1) and a transcript of petitioner's initial parole

1

1    25 years to life with possibility of parole, plus 7 years.[2]  In November 2010, the Board of Prison

2    Hearings ("Board"), previously known as the Board of Prison Terms, held an initial parole

3    consideration hearing for petitioner.  (ECF No. 23-2 at 4.)  At that hearing, petitioner's attorney

4    informed the Board that petitioner wished to waive his hearing for two years so that he could

5    continue to participate in programming.  (Id. at 5.)

6         In October 2013, petitioner's initial parole consideration hearing was held.  (See ECF No.

7    14 at 22-23; ECF No. 23-2 at 9-144.)  The Board determined petitioner was "not suitable for

8    parole, because he poses a present risk of danger to society or a threat to public safety if released

9    from prison."  (ECF No. 23-2 at 130.)  The Board deferred petitioner's next parole consideration

10   hearing for seven years.  (Id. at 141.)

11        Petitioner filed a habeas corpus petition with the California Supreme Court in which he

12   raised the same ground stated here:  "Authorize sentence based on an unlawful application of law;

13   Ex Post Facto State and Federal Constitution Violation."  (ECF No. 14 at 4.)  The California

14   Supreme Court denied that petition on December 10, 2014.  (Id.)

15        Petitioner filed his original federal petition on March 3, 2015 in the Northern District of

16   California.  (ECF No. 1.)  The case was transferred to this court in April 2015.  (ECF Nos. 6, 7.)

17   Upon screening, a previously-assigned magistrate judge found that petitioner's petition failed to

18   specify the grounds for relief, the facts supporting each ground, and the relief requested.  (ECF

19   No. 11 at 1-2.)  The petition was dismissed with leave to amend.

20        On September 18, 2015, petitioner filed a first amended petition.  Therein, petitioner

21   appears to state one ground for relief.  It is titled "Authorize sentence based on an unlawful

22   Application of law; Ex Post Fact Clause State and Federal Constitution."  (ECF No. 14 at 6.)

---

(note 1, cont'd) consideration hearing in November 2010 (ECF No. 23-2).  The court takes judicial notice of these documents pursuant to Federal Rule of Evidence 201.  See also Rules 4, 5, Rules Governing § 2254 Cases.

[2] Petitioner claims his sentence is not "indeterminate."  However, the abstract of judgment provided by respondent specifically lists petitioner's sentence as an "indeterminate" sentence of 25 years to life, plus 7 years.  (ECF No. 23-1.)  As discussed in more detail below, under the sentencing laws in effect in 1989 when petitioner committed the crimes for which he is serving his current sentence, indeterminate sentences were permissible.

1  Petitioner describes his claim as a challenge to the state's failure to calculate the term of his
2  sentence as required by state law.  (Id. at 12-13.)  In the attachments to the form petition,
3  petitioner also identifies the Eighth Amendment as a basis for his claim.  (Id. at 13-14.)
4      On January 4, 2016, the first amended petition was screened and a previously-assigned
5  magistrate judge found that the case should proceed on the first amended petition because it was
6  "not apparent from the face of the application that the petitioner is not entitled to relief."  (ECF
7  No. 16.)
8      On February 26, 2016, respondent filed the pending motion to dismiss.  Respondent
9  argues that petitioner has failed to state a claim for relief that is cognizable in a federal habeas
10  corpus proceeding.  Respondent contends that petitioner is primarily making an argument that the
11  state has violated state law by failing to calculate the term of his sentence.  To the extent
12  petitioner is arguing a violation of the Ex Post Facto Clause, respondent argues that petitioner
13  mistakes the applicability of that provision.  While not addressed by respondent, the court also
14  considers petitioner's apparent claim that the state's actions violated the Eighth Amendment.

**Legal Standards**

15
16  **I.     Legal Standards Applicable to a Motion to Dismiss a Habeas Action**
17      Pursuant to Rule 4 of the Rules Governing § 2254 Cases, "[i]f it plainly appears from the face
18  of the petition ... that the petitioner is not entitled to relief in the district court, the judge shall
19  make an order for its summary dismissal ...."  Respondent's pending motion to dismiss is brought
20  pursuant to Rule 4.
21      In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as
22  true and construe the pleadings in the light most favorable to the non-moving party."  Fayer v.
23  Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins.
24  Co., 519 F.3d 1025, 1030 (9th Cir. 2008)).  In general, exhibits attached to a pleading are "part of
25  the pleading for all purposes...."  Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114,
26  1123 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).
27      In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
28  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such

3

pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).  The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).   A federal writ is not available for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

**II.     Legal Standards Applicable to an Ex Post Facto Claim**

"The Ex Post Facto Clause of the United States Constitution 'forbids the application of any new punitive measure to a crime already consummated.'" Clark v. Ryan, 836 F.3d 1013, 1016 (9th Cir. 2016) (quoting Kansas v. Hendricks, 521 U.S. 346, 370 (1997)).  To establish an ex post facto violation, a petitioner must show that a change in the law "inflicts a greater punishment" than the law in effect at the time the crime was committed. Gilman v. Brown, 814 F.3d 1007, 1014 (9th Cir. 2016) (quoting Peugh v. United States, 133 S. Ct. 2072, 2078 (2013)).

**III.    Legal Standards Applicable to an Eighth Amendment Claim**

The Eighth Amendment forbids "cruel and unusual punishments."  The aspect of the Eighth Amendment that could potentially be applicable to petitioner's case is its "narrow proportionality principle" that applies to "noncapital sentences." Ewing v. California, 538 U.S. 11, 20 (2003) (internal quotations and citations omitted).  The Eighth Amendment "'prohibits ... sentences that are disproportionate to the crime committed.'" Id. at 22 (quoting Solem v. Helm, 463 U.S. 277, 284 (1983)).  The Supreme Court set out three factors that "may be relevant" to a determination that a sentence is unconstitutionally disproportionate: "'(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction;

1  and (iii) the sentences imposed for commission of the same crime in other jurisdictions.'"  Id.
2  (quoting Solem, 463 U.S. at 292.)

### Does Petitioner State Cognizable Claims?

As described above, petitioner describes his claim as follows:  "Authorize sentence based on an unlawful Application of law; Ex Post Fact Clause State and Federal Constitution."  (ECF No. 14 at 6.)   In the further description of his claim, petitioner appears to be contending that the state's failure to calculate the maximum term for his sentence also violates the Eighth Amendment.  (Id. at 13-14.)  Petitioner cites three cases in support of his arguments.  For the reasons set forth below, this court finds petitioner fails to state a claim under the Eighth Amendment, under the Ex Post Facto Clause, or under any other constitutional provision.

**I.    Eighth Amendment Claim**

Petitioner relies on In re Rodriguez, 14 Cal. 3d 639, 650 (1975) and In re Dannenberg, 34 Cal. 4th 1061 (2005) for an argument that both California law and the Eighth Amendment require that his maximum sentence be set.

Before attempting to determine the basis for petitioner's argument, the court considers the background of California's sentencing laws, which is set forth by the California Supreme Court in Dannenberg.  Prior to 1977, California employed an "indeterminate" sentencing system (the "ISL") for felonies.  34 Cal. 4th at 1077.  In 1976, California adopted a determinate sentencing law (the "DSL") that became effective in 1977.  Id. at 1078.  Under the DSL, most felonies are now subject to a precise term of years.  However, "certain serious offenders, including 'noncapital' murderers (i.e., those murderers not punishable by death or life without parole), remain subject to indeterminate sentences.[3]  These indeterminate sentencees may serve up to life

---

[3] Petitioner argues that California's 1978 Briggs Initiative does not provide for indeterminate sentences for murder.  Petitioner is mistaken.  The changes to California Penal Code § 190 made by the Briggs Initiative provided that a person convicted of first degree murder would no longer receive a life sentence but would receive a minimum punishment of 25 years to life.  See People v. Cooper, 27 Cal. 4th 38, 41-42 (2002).  By definition, 25 years to life is an indeterminate sentence.  See People v. Felix, 22 Cal. 4th 651, 658 (2000).  That is the sentence petitioner received.  It is worth noting that petitioner's confusion is understandable because California adopted an act entitled the "Determinate Sentencing Law," but retained some indeterminate sentences.

5

in prison, but they become eligible for parole consideration after serving minimum terms of confinement." Id. The Board determines the actual confinement period of an inmate with an indeterminate sentence. Id. For murderers, such as petitioner, who committed their crimes on or after November 8, 1978, once the Board has determined that the inmate is suitable to have a parole release date set, the Board will calculate a "base term" for that inmate. Id. at 1079. The California Supreme Court made clear that an inmate with an indeterminate sentence would not have a base term calculated until the Board has determined that the inmate is suitable for the fixing of a parole date.[4] Id. at 1079-80.

The court in Dannenberg discussed the second case cited here by petitioner, In re Rodriguez. In Rodriguez, the California Supreme Court applied the rule that a life term may be disproportionate, in violation of the Eighth Amendment, for certain crimes. 14 Cal. 3d at 646-47. Petitioner Rodriguez had served 22 years of an indeterminate sentence of one year to life for a conviction for committing a lewd or lascivious act on a child under the age of fourteen. Id. at 642 and n.1. The California Supreme Court in Rodriguez held that the parole authority was required to set a maximum term for every indeterminate sentence that was tailored to each inmate's individual culpability. Dannenberg, 34 Cal. 4th at 1098. The California Supreme Court in Dannenberg noted Rodriguez was decided under the law in effect prior to 1977. Id.

In Dannenberg, as in the present case, the inmate was sentenced under the DSL, the current law. The requirement set out in Rodriguez is inapplicable to inmates with indeterminate sentences who were sentenced under current law. Id. Thus, Rodriguez does not provide a basis for petitioner's claim in the present case. Further, petitioner does not argue that his sentence is disproportionate under the Eighth Amendment for his crimes, which include first degree murder.

Dannenberg provides no basis for relief under the Eighth Amendment either. In that case, the California Supreme Court held that the Board is not required to consider the proportionality of

---

[4] In the reply brief, respondent points out that a law effective at the beginning of this year changed this procedure. In the past, as described in Dannenberg, the Board first determined parole suitability and then set a release date. See Cal. Penal Code § 3041(b) (2015). Under current law, when the Board determines an inmate is suitable for parole, as long as the inmate has reached his minimum eligible parole date, he shall be released. Cal. Penal Code § 3041(a)(4) (2016).

6

1    an inmate's indeterminate sentence when considering whether the inmate is suitable for parole.
2    Id. at 1071.  Further, to the extent petitioner is arguing that the old, ISL is being applied to him.
3    The California Supreme Court in Dannenberg makes clear that indeterminate sentences such as
4    petitioner's remain available under the DSL.

5    **II.    Ex Post Facto Claim**

6    The third case cited by petitioner is In re Stanworth, 33 Cal. 3d 176 (1982).  (See ECF No.
7    14 at 14.)  Petitioner appears to be relying on this case for his Ex Post Facto argument.  Petitioner
8    explains that in Stanworth, the Board "used DSL guidelines for calculation executed on his term."
9    However, Stanworth, like Rodriguez, is inapplicable because the court in those cases considered
10   sentences imposed under the law in effect prior to 1977.

11   In Stanworth, the court considered the following question:  "may a defendant who has
12   been sentenced to a 'life' imprisonment under the Indeterminate Sentence Law (ISL) (former Pen.
13   Code § 1168, repealed eff. Jan. 1, 1977) be entitled to parole release consideration under both ISL
14   . . . and also under the [DSL]."  33 Cal. 3d at 177-78.  The California Supreme Court concluded
15   that ex post facto principles required that defendant Stanworth's right to parole be considered
16   under both laws.  Id. at 178.  The California Supreme Court determined that the DSL altered the
17   considerations for parole to the defendant's detriment, in violation of the Ex Post Facto Clause.
18   Id. at 188.

19   In the present case, petitioner has not shown that a new law that was not in existence at the
20   time he committed his crimes is being applied to him to his detriment in violation of the Ex Post
21   Facto Clause.

22   **III.   Other Possible Claims**

23   To the extent petitioner may be attempting to argue that the Board of Parole Hearings'
24   determination that he is unsuitable for parole violated due process, this court may not review the
25   basis for the state parole authority's decision.  See Swarthout v. Cooke, 562 U.S. 216, 221 (2011)
26   (the only federal due process rights available to challenge the denial of a state parole
27   determination are procedural – the opportunity to be heard and the right to a statement of
28   reasons).  To the extent petitioner is arguing violations of state law, such as the argument in his

7

1 opposition that an agency's regulations may not run afoul of legislative intent, those too are not
2 cognizable on federal habeas.  See id. at 219 (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

**Motion to Strike**

After respondent filed a reply to petitioner's opposition to the motion to dismiss, petitioner filed a document labelled "Reply." (ECF No. 26.)  When a motion is filed, Local Rule 230(l) provides that the non-moving party may file an opposition and the moving party may file a reply to the opposition.  However, there is no provision in the local rules or in the Federal Rules of Civil Procedure that allows the non-moving party to file a reply, response, or sur-reply without a court order.  Petitioner's April 4, 2016 "Reply" is therefore unauthorized and will be stricken.

**Conclusion**

Petitioner's first amended petition fails to state a claim cognizable under 28 U.S.C. §2254.  Further, this court can fathom no constitutional basis for the relief petitioner seeks – requiring the Board to set a date for the term of his sentence.  Therefore, this court finds that allowing petitioner to file an amended petition would be futile.

Accordingly, IT IS HEREBY ORDERED that respondent's motion to strike (ECF No. 27) is granted; and

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted and this case be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties

////
////
////
////

are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 30, 2016

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/hurt0895.mtd